IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROYER BRANDS INTERNATIONAL S.A.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 22-cv-04879 |

## COMPLAINT

Plaintiff Royer Brands International S.A.R.L. ("Plaintiff" or "Royer Brands") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Royer Brands' federally registered Von Dutch trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Royer Brands substantial injury in the State of Illinois.

## II.  INTRODUCTION

3. This action has been filed by Royer Brands to combat e-commerce store operators who trade upon Royer Brands' reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, including hats and apparel, using infringing and counterfeit versions of Royer Brands' federally registered Von Dutch trademarks (the "Counterfeit Von Dutch Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale and selling Counterfeit Von Dutch Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered Von Dutch trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Von Dutch Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4. Royer Brands is a limited liability company with a principal place of business located at 6 Domaine des Ormilles, Bertrange, Luxembourg L-8088.

5. For many years, Royer Brands has been engaged in the design, distribution, and sale of some of the most desired and recognizable fashion products for consumers, including hats, bags, shirts, shoes, and jewelry (collectively, the "Von Dutch Products").

6. Von Dutch is an iconic Hollywood brand and has been a staple on the pop culture and music scene for over 15 years. Since its creation in the early 2000s, Von Dutch continues to be one of the most influential brands by creating products that merge street culture and luxury fashion.

7. The Von Dutch brand is a multi-million-dollar brand, and Royer Brands spends considerable resources marketing and protecting it. Von Dutch Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative designs. Among the purchasing public, genuine Von Dutch Products are instantly recognizable as such. In the United States and around the world, the Von Dutch brand has come to symbolize high quality, and Von Dutch Products are renowned for their quality, performance, and style.

8. Royer Brands has registered several of its Von Dutch trademarks with the United States Patent and Trademark Office. Von Dutch Products typically include at least one of Royer Brands' registered Von Dutch trademarks. Royer Brands uses its Von Dutch trademarks in connection with the marketing of its Von Dutch Products, including the following marks which are collectively referred to as the "Von Dutch Trademarks."

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 4081825 | VON DUTCH | For: Precious metals and their alloys; jewelry; precious stones; clocks and chronometric instruments; silver ware other than cutlery, forks and spoons, namely, rings, necklaces, bracelets, earrings, brooches, tie pins, ornamental pins; rings being jewelry; earrings; bracelets being jewelry; brooches being jewelry; necklaces being jewelry; tie pins; ornaments being jewelry, namely, ornamental pins, hat ornaments of precious metal, shoe ornaments of precious metal; works of art of precious metal; jewelry cases; watches; chronographs as watches; cases, wristbands, chains, springs or glasses for watches; novelty key rings of precious metal; boxes and cases for timepieces and jewelry; medals in class 14.<br><br>For: Leather and imitations of leather; goods made of these materials and not included in other classes, namely, leather handbags, leather purses, leather bags and wallets; animal skins; trunks and traveling bags; umbrellas, parasols and walking sticks; card cases and notecases, namely, business card cases, name card cases, credit card cases; leather key cases; attaché cases; briefcases; animal skin, namely, moleskin as an imitation of leather; imitation leather; bags for climbers in the nature of all-purpose carrying bags; bags for campers in the nature of backpacks; traveling bags, beach bags, school bags; cases specially designed to contain toiletry articles, sold empty; leather traveling sets in the nature of kit bags, luggage; leather and imitation leather boxes, business cases, cases for make-up products, sold empty; unfitted toiletry and make-up bags, sold empty; wallets, purses not of precious metal; collars or covers for animals; shopping nets or bags, namely, mesh shopping bags, textile shopping bags; bags or small bags in the nature of envelopes and pouches for packaging merchandise, made of leather; bags for sports in class 18.<br><br>For: Clothing, namely, footwear, headgear in the nature of headwear; shirts; leather or imitation leather clothing, namely, pants, shirts, trousers, coats; feminine clothing articles, namely, lingerie, skirts and dresses; hoods as clothing; belts as clothing; gloves as clothing; scarves; neckties, hosiery; socks; slippers; |

4

| | | |
|---|---|---|
| | | beach, ski or sports footwear; overalls; shirts; chemisettes; tee-shirts; combinations as clothing; slips as undergarments; suits; trousers; jackets; pullovers; waistcoats; sweaters; frocks; shirt yokes; shirt fronts; finished, ready-made linings as parts of clothing; coats; stuff jackets; pelerines; gabardines as clothing; waterproof clothing, namely, raincoats; finished textile pockets for clothing; pocket squares; jerseys as clothing; knitwear as clothing, namely, sweaters; underwear; caps; sashes for wear in class 25. |
| 2380173 | VON DUTCH | For: jackets, T-shirts in class 25. |
| 4434482 | VON DUTCH | For: Footwear in class 25. |
| 4619227 | | For: Precious metals and their alloys; jewelry; precious stones; clocks and chronometric instruments; gold and silverware other than cutlery, forks and spoons, namely, rings, necklaces, bracelets, earrings, brooches, ornamental pins; rings being jewelry; earrings; bracelets; brooches; necklaces; ornaments as jewelry, namely, ornamental pins, hat ornaments of precious metal, shoe ornaments of precious metal; works of art of precious metal; jewelry cases; jewelry caskets; watches; chronographs as watches; watch cases, straps, chains, springs or glasses; key rings of precious metal; boxes and cases for timepieces and jewelry; medals in class 14.<br><br>For: Leather and imitations of leather; goods made of these materials not included in other classes, namely, leather handbags, leather purses, leather bags and wallets; animal skins; trunks and traveling bags; umbrellas, parasols and walking sticks; card cases and note cases, namely, business card cases, name card cases, credit card cases, leather cases for notes; leather cases for keys; briefcases; imitation leather; sunshade parasols, bags for climbers in the form of multi-purpose carrying bags; camping bags in the form of rucksacks; travel bags, beach bags, school bags; cases specially made for containing toiletries, sold empty; luggage; wallets, purses not of precious metal; collars or clothing for animals; shopping nets or bags, namely, mesh shopping bags, textile shopping bags; bags, small bags in the nature of envelopes and pouches for |

| | | |
|---|---|---|
| | | packaging merchandise, made of leather; sports bags in class 18.<br><br>For: Clothing, namely, shirts, pants, coats, dresses, skirts, footwear, headgear in the nature of headwear; shirts; clothing of leather or imitation leather, namely, pants, shirts, pants, coats; women's clothing, namely, lingerie, skirts and dresses; hoods as clothing; belts; gloves; scarves; hosiery; socks; slippers; beach or sports footwear; slips; shirts; short-sleeve shirts; tee-shirts; slips; trousers; jackets; pullovers; sweaters; shirt yokes; shirt fronts; finished textile linings for garments; coats; stuff jackets; pelerines; gabardine jackets; waterproof clothing, namely, rain coats; finished textile pockets for clothing; pockets for clothing; pocket squares; sweaters as clothing; knitwear as clothing, namely, sweaters; underwear; robes; caps; headwear; sashes for wear in class 25. |
| 2901875 | *VonDutch* (logo) | For: jackets, T-shirts, footwear in class 25. |
| 4693779 | *Von* (logo) | For: Precious metals and their alloys and goods in precious metals or coated therewith not included in other classes, namely, jewelry; jewelry, precious stones; timepieces and chronometric instruments; jewelry and jewelry articles, namely, rings, necklaces, bracelets, earrings, brooches, tie pins, ornamental pins, dress watches; gold and silver ware other than cutlery, forks and spoons, namely, gold rings, silver rings, gold necklaces, silver necklaces, gold bracelets, silver bracelets, gold earrings, silver earrings, gold brooches, silver brooches, gold tie pins, silver tie pins, gold ornamental pins, silver ornamental pins; rings; earrings; bracelets; brooches; necklaces; tie pins; ornaments of precious metal in the nature of jewelry; works of art of precious metal; jewelry boxes, cases; watches; chronographs as watches; watch cases, straps, chains, springs and glasses; fancy key rings, statues and figurines of precious metal; cases and caskets for timepieces and jewelry; medals in class 14.<br><br>For: Leather and imitation leather, and goods made of these materials and not included in other classes, namely, leather handbags, leather purses, leather bags and wallets; animal skins; trunks and suitcases; |

6

|  |  | umbrellas, parasols and card cases and notecases, namely, business card cases, name card cases, credit card cases; key cases; imitation leather; beach umbrellas; pocket wallets; purses not of precious metal, handbags, backpacks, wheeled bags, bags for climbers in the nature of all-purpose carrying bags, bags for campers in the nature of all-purpose carrying bags, travel bags, beach bags, school bags; toiletry cases sold empty; leather travel baggage; boxes of leather and imitations of leather vanity cases sold empty, leather traveling baggage, leather briefcases, leather key cases; toiletry and make-up bags sold empty; wallets; purses; clothing for animals, namely, collars; bags or net bags for shopping, namely, mesh shopping bags, leather shopping bags; bags and small bags for packaging of leather; sports bags in class 18.<br><br>For: Clothing, namely, shirts, pants, sweaters, footwear, headgear, namely, hats and caps; shirts, clothing made of leather or imitation leather, namely, shirts, pants, sweaters; garments, namely, shirts, sweaters; clothing for women, namely, shirts, tops, lingerie, skirts and dresses; hoods; belts; gloves; scarves; neckties, hosiery; socks; bedroom slippers; beach and athletic footwear; garments, namely, coats, hooded sweatshirts; overalls; short-sleeve shirts; tee-shirts; combinations; slips; suits; trousers; jackets; pullovers; vests; sweaters; dresses; shirt yokes; shirt fronts; finished textile linings for garments; coats; stuff jackets; pelerines; gabardines; raincoats; pockets for clothing; pocket squares; jerseys; knitwear, namely, knitted shirts, knitted sweaters; lingerie; robes; caps; sashes for wear; underwear in class 25. |

9.  The above U.S. registrations for the Von Dutch Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Von Dutch Trademarks constitute *prima facie* evidence of their validity and of Royer Brands' exclusive right to use the Von Dutch Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for the above-listed Von Dutch Trademarks are attached hereto as **Exhibit 1**.

10. The Von Dutch Trademarks are distinctive when applied to the Von Dutch Products, signifying to the purchaser that the products come from Royer Brands and are manufactured to Royer Brands' quality standards. Whether Royer Brands manufactures the products itself or contracts with others to do so, Royer Brands has ensured that products bearing the Von Dutch Trademarks are manufactured to the highest quality standards.

11. The Von Dutch Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and have been used by Royer Brands for many years. The innovative marketing and fashion designs of the Von Dutch Products have enabled the Von Dutch brand to achieve widespread recognition and fame and have made the Von Dutch Trademarks some of the most well-known marks in the industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Von Dutch brand have made the Von Dutch Trademarks valuable assets of Royer Brands.

12. Royer Brands has expended substantial time, money, and other resources in advertising and promoting the Von Dutch Trademarks. In fact, Royer Brands has expended millions of dollars in advertising, promoting and marketing featuring the Von Dutch Trademarks. Von Dutch Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the Von Dutch Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Royer Brands. Von Dutch Products have become among the most popular of their kind in the U.S. and the world. The Von Dutch Trademarks have achieved tremendous fame and recognition which has only added to the distinctiveness of the marks. As such, the goodwill associated with the Von Dutch Trademarks is of incalculable and inestimable value to Royer Brands.

13. Von Dutch Products are sold online via the vondutch.com website and through authorized distributors and licensees, including through local retail stores in Illinois, and are recognized by the public as being exclusively associated with the Von Dutch brand. Sales of Von Dutch Products via the vondutch.com website are significant. The vondutch.com website features proprietary content, images, and designs exclusive to the Von Dutch brand.

**The Defendants**

14. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Royer Brands. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Royer Brands to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Royer Brands will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

16. The success of the Von Dutch brand has resulted in significant counterfeiting of the Von Dutch Trademarks. In recent years, Royer Brands has identified numerous fully interactive, e-commerce stores offering Counterfeit Von Dutch Products on online marketplace platforms such

9

as Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, and DHgate, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. According to U.S. Customs and Border Protection (CBP), most counterfeit products now come through international mail and express courier services (as opposed to containers) due to increased sales from offshore online counterfeiters. *The Counterfeit Silk Road: Impact of Counterfeit Consumer Products Smuggled Into the United States* prepared for The Buy Safe America Coalition by John Dunham & Associates (**Exhibit 2**). The bulk of counterfeit products sent to the United States "come from China and its dependent territories," accounting for over 90.6% of all cargo with intellectual property rights (IPR) violations. Id. Of the $1.23 billion in total IPR violations intercepted, $1.12 billion was from China. *Id*. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. *Id*.

17. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also*, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) attached as **Exhibit 4** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken

down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 3** at 186-187.

18. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Counterfeit Von Dutch Products to residents of Illinois.

19. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Royer Brands has not licensed or authorized Defendants to use any of the Von Dutch Trademarks, and none of the Defendants are authorized retailers of genuine Von Dutch Products.

20. Many Defendants also deceive unknowing consumers by using the Von Dutch Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to

consumer searches for Von Dutch Products. Other e-commerce stores operating under the Seller Aliases omit using Von Dutch Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Von Dutch Products.

21. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

22. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Von Dutch Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Counterfeit Von Dutch Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting

that the Counterfeit Von Dutch Products were manufactured by and come from a common source and that Defendants are interrelated.

24. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

25. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Royer Brands' enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Royer Brands. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

26. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Von Dutch Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Royer Brands, have jointly and severally, knowingly and willfully used and continue to use Von Dutch Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Von Dutch Products into the United States and Illinois over the Internet.

27. Defendants' unauthorized use of the Von Dutch Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Von Dutch Products, including the sale of Counterfeit Von Dutch Products into the United States, including Illinois, is likely to

Case: 1:22-cv-04879 Document #: 1 Filed: 09/09/22 Page 14 of 18 PageID #:14

cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Royer Brands.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

28. Royer Brands hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Von Dutch Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Von Dutch Trademarks are distinctive marks. Consumers have come to expect the highest quality from Von Dutch Products offered, sold or marketed under the Von Dutch Trademarks.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Von Dutch Trademarks without Royer Brands' permission.

31. Royer Brands is the exclusive owner of the Von Dutch Trademarks. Royer Brands' United States Registrations for the Von Dutch Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendants have knowledge of Royer Brand' rights in the Von Dutch Trademarks, and are willfully infringing and intentionally using counterfeits of the Von Dutch Trademarks. Defendants' willful, intentional and unauthorized use of the Von Dutch Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Von Dutch Products among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

14

33. Royer Brands has no adequate remedy at law, and if Defendants' actions are not enjoined, Royer Brands will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Von Dutch Trademarks.

34. The injuries and damages sustained by Royer Brands have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Von Dutch Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Royer Brands hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Von Dutch Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Royer Brands or the origin, sponsorship, or approval of Defendants' Counterfeit Von Dutch Products by Royer Brands. By using the Von Dutch Trademarks in connection with the sale of Counterfeit Von Dutch Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Von Dutch Products.

37. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Von Dutch Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38. Royer Brands has no adequate remedy at law and, if Defendants' actions are not enjoined, Royer Brands will continue to suffer irreparable harm to its reputation and the goodwill of its Von Dutch Trademarks.

**PRAYER FOR RELIEF**

WHEREFORE, Royer Brands prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Von Dutch Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Von Dutch Product or is not authorized by Royer Brands to be sold in connection with the Von Dutch Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Von Dutch Product or any other product produced by Royer Brands that is not a Von Dutch Product or not produced under the authorization, control, or supervision of Royer Brands and approved by Royer Brands for sale under the Von Dutch Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Von Dutch Products are those sold under the authorization, control, or supervision of Royer Brands, or are sponsored by, approved by, or otherwise connected with Royer Brands;

    d. further infringing the Von Dutch Trademarks and damaging Royer Brands' goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Royer Brands, nor authorized by Royer Brands

16

to be sold or offered for sale, and which bear any of Royer Brands' trademarks, including the Von Dutch Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Royer Brands' request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Walmart, Wish.com, Etsy, and DHgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Von Dutch Trademarks;

3) That Defendants account for and pay to Royer Brands all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Von Dutch Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Royer Brands be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Von Dutch Trademarks;

5) That Royer Brands be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 9th day of September 2022.　　　Respectfully submitted,

/s/ Justin R. Gaudio
Amy Ziegler
Justin R. Gaudio
Marcella D. Slay
Benjamin C.R. Lockyer
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
blockyer@gbc.law

*Counsel for Plaintiff*
*Royer Brands International S.A.R.L.*